■ AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, Plaintiff, v DANIEL F. McGILLICUDDY, Respondent, and EDWARD A. GOLLIN, Appellant. [763 NYS2d 269] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about July 26, 2002, which, to the extent appealed from, denied appellant's motion for summary judgment and granted respondent's motion directing that the proceeds of the annuity account be released to him as executor, unanimously reversed, on the law, with costs, respondent's motion denied, and appellant's motion granted. The Clerk is directed to enter judgment accordingly.

In this interpleader action commenced by American International Life Insurance Company (American), the IAS court granted the motion of the executor, respondent McGillicuddy, to award the proceeds of an annuity created by the decedent, Robbin, to the estate to be added to a residuary trust created for the benefit of the annuitant, appellant Gollin, a nephew of the decedent. Robbin had entered into an annuity contract with American, reserving certain powers, including changing the beneficiary and surrendering the accumulation value. Robbin predeceased Gollin and this action resulted when McGillicuddy sought to surrender the annuity. Since Gollin is clearly a "person entitled to receive payment" pursuant to the annuity (EPTL 13-3.2 [d] [3]), EPTL 13-3.2 prohibits any impairment of

Gollin's right to annuity payments by McGillicuddy and the annuity contract could not pass into the estate for any purpose (EPTL 13-3.2 [c]; *see Matter of Clotworthy*, 294 AD2d 720, 722 [2002]). Although the annuity contract contained restrictions which evidenced Robbin's clear intent to deprive Gollin's access to a lump sum upon her death, it should have been American's management of the annuity which accomplished that intent, not the actions of the executor. Since the parties have stipulated to interplead the full accumulation value of the annuity contract and there is no way to restore the parties to the status quo ante, Gollin is entitled to receive a lump sum payment, freed from the restrictions which Robbin had imposed. Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.